Hut Neckwear Company v. Commissioner.
Hut Neckwear Co. v. Commissioner
Docket No. 28810.
United States Tax Court
1951 Tax Ct. Memo LEXIS 126; 10 T.C.M. (CCH) 801; T.C.M. (RIA) 51261; August 28, 1951
Charles Gadd, Esq., for the petitioner. William E. Murray, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined for 1946 a deficiency of $1,857.01 in income tax and one of $12,045.91 representing surtax on a corporation improperly accumulating a surplus, section 102. The latter only is contested, the petitioner contending that section 102 does not apply. Findings of Fact The petitioner, a New York corporation, filed its return for 1946 with the collector of internal revenue for the third district of New York. The petitioner is and has been for many years an operating company engaged in the manufacture and sale of men's neckwear. Its outstanding stock was owned, and its officers and directors were, as follows during 1946: Preferred
Common
Name
Office
Stock
Stock
Sophie Hut
Treasurer
Director
250
Rudolph Hut
President
Director
80
Isador Hut
Secretary
Director
50
Alan S. Hut
10
Gertrude R. Hut
5
Muriel H. Denby
5
Julian R. Strauss
Director
*127 Sophie is the mother of Rudolph and Isador. Alan is the son of Rudolph. Gertrude and Muriel are the wife and daughter of Isador. Strauss was a brother-in-law of Rudolph. Rudolph, Isador, and Strauss devoted full time to the business and received salaries of $22,958.00, $12,840 and $37,489.15 during 1946. Sophie received a salary of $1,560.00. The petitioner had net income of $121,803.30, after taxes, for 1946. Dividends of $3,000 on the 12 per cent preferred and $75,000 on the common stock were paid for 1946, and $43,803.30 was added to surplus. The following is a summary of the balance sheets of the petitioner at the beginning and at the end of 1946: ASSETS
CURRENT ASSETS
Dec. 31, 1945
Dec. 31, 1946
Cash in Banks
$ 31,397.66
$ 92,010.65
Cash on Hand
60.00
60.00
Accounts Receivable - Net
89,503.17
111,959.92
Notes and Loans Receivable - Others
30,701.89
31,498.96
Merchandise Inventory at Cost or Market whichever was lower
185,069.05
181,294.90
Investments - At Cost
58,539.19
63,447.94
Accrued Interest Receivable
68.88
Cash Surrender Value - Officer's Life Insurance
16,933.68
18,501.81
Due from Stockholders
254,215.12
228,427.10
MACHINERY AND EQUIPMENT - NET
7,443.98
7,583.47
POST WAR REFUND - EXCESS PROFITS TAX
5,085.77
TOTAL ASSETS
$679,018.39
$734,784.75
LIABILITIES AND CAPITAL
CURRENT LIABILITIES
Accounts Payable - Net
$113,347.44
$114,257.91
Taxes Payable - Sundry
22,800.21
26,921.47
Due to Salesmen
11,215.51
22,004.87
Federal Income Taxes Payable
51,240.12
73,028.10
Payroll Accrued
3,667.57
7,229.14
Due to Stockholders
7,975.00
Other Liabilities
34,200.00
CAPITAL STOCK $100 Preferred Stock
25,000.00
25,000.00 $100 Common Stock
15,000.00
15,000.00
SURPLUS
402,547.54
443,368.26
TOTAL LIABILITIES AND CAPITAL
$679,018.39
$734,784.75
*128 The item "Due from Stockholders" represents debit balances in the personal drawing accounts of the stockholders to which salaries and dividends were credited and withdrawals debited. No interest was paid on the balances due in those accounts. The amount owed by Rudolph increased from $98,035.77 at the end of 1936 to $185,755.30 at the beginning of 1946. It was $170,863.85 at the end of 1946. The amount owed by Isador increased from $33,556.62 at the end of 1936 to $65,941.88 at the beginning of 1946. It was $53,099.20 at the end of 1946. The sales of the petitioner had been over $1,000,000 since 1942. They increased about $658,000 during 1946 and about $376,000 during 1947. Purchases and labor were about $1,266,000 for 1946. They were increasing at the rate of about $400,000 annually. The earnings of the petitioner after taxes ranged from $14,616.39 in 1941 to $121,803.30 in 1946, while dividends ranged from $13,000 in 1942 to $78,000 in 1946. A larger percentage of earnings was retained in 1946 than during the five preceding years, with the exception of 1942. The earnings of the petitioner were permitted to accumulate beyond the reasonable needs of the business during 1946. *129 The petitioner was availed of during 1946 for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its earnings to accumulate instead of being divided or distributed. The stipulation of facts, including exhibits attached, is incorporated herein by this reference. Opinion MURDOCK, Judge: The fact that the surplus shown at the beginning of 1946 was far in excess of the reasonable needs of the business is shown by the nonbusiness uses to which more than one-half of the assets held by the petitioner were put. The capital and surplus amounted to $442,547.54 at that time. $254,215.12 was then not being used in the business but was on loan to stockholders and without interest. A similar situation had existed for years. $58,539.19 was invested in securities and was not being used in the business. The loans to stockholders were reduced somewhat during 1946 but at the end of the year still amounted to $228,427.10. Investments increased during 1946 to $63,447.94. Earnings of $43,803.30 were added to surplus, and at the end of the year capital and surplus had been increased to $483,368.26. The net increase in surplus was $40,820.72. *130 The record shows that there was no reasonable business need for any increase in surplus during 1946 but, on the contrary, the existing surplus was still far beyond all needs of the business. The corporate stock was held by a close small family group which completely controlled it. The stipulation shows that a substantial savings in surtax on the stockholders was avoided by the retention of $43,803.30 of earnings. The only witness was an accountant who failed to show any error in the determination of the Commissioner. Decision will be entered for the respondent.